UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES SAMUEL FELKNOR           CIVIL ACTION NO. 10-cv-0463

VERSUS           JUDGE HICKS

ROBERT H. FELKNOR, ET AL           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**The Allegations**

James S. Felknor ("Plaintiff") commenced this civil action by filing a one-page complaint against two of his relatives, the state court in Bossier Parish, a state district judge, the Bossier Parish Sheriff, and Allied Van Lines. The complaint made a conclusory assertion of some sort of violation of the Fair Housing Act and "theft of evidence" in <u>Felknor v. Sheriff's Department Bossier Parish</u>, 08-cv-1097, an earlier civil action filed in this court that was dismissed on a motion for summary judgment. That earlier case had to do with a dispute over a Federal Express package that was mistakenly delivered to Plaintiff, and the events that transpired after Plaintiff refused to return the package.

Plaintiff eventually filed in this case a request to amend his complaint. He added several new defendants, including the Bossier City Fire Chief, the Shreveport and Bossier City Chiefs of EMS, the Shreveport and Bossier City Chiefs of Police, a number of Plaintiff's relatives, Willis-Knighton Hospital, various hospital employees and a physician, LSU Hospital, the Veterans Administration, the Patient Advocate from the local VA

Hospital, the Mayors of Shreveport and Bossier City, Allied Van Lines, and Arceneaux's Towing.

Plaintiff alleges that all of the many listed defendants have committed acts in violation of the Fair Housing Act "in an effort to interfere with [Plaintiff's] mother's decision to sell to me, James S. Felknor, her 2nd son, the home and all of its contents & all lands included" that belonged to Plaintiff's mother and her husband. Plaintiff alleges that such a sale was his late mother's fervent desire because of her belief that Plaintiff was the only one in the family who cared enough about the place to help his mother keep it up. Plaintiff asserts that he cared about his mother, her heritage, and his family history, but the home represented nothing but money to his three siblings. Restated and Amended Complaint, p. 3.

Plaintiff alleges that this interference "is the reason they chose to force her to leave her home." He alleges that family members did so by deliberately making the home uninhabitable. He describes how his adult son moved into the home in 2006, destroyed the water well, and abandoned it with two Labrador dogs inside with the television on to entertain them. Plaintiff alleges that the house was left in disrepair due to the acts of his son and having the dogs in it. Restated and Amended Complaint, pp. 4-6.

Plaintiff alleges that his mother told him she would sell the home to him "lock, stock, and barrel." His mother later fell and broke her hip, whereupon, Plaintiff alleges, his siblings "conspired with the entire group of Defendants in this legal pleading to abduct and kidnap and conceal her whereabouts from me her 2nd son James S. Felknor until she died to prevent

my mother, from selling her home (lock, stock & barrel) to me." Plaintiff adds that the siblings have systematically stolen and looted from his mother's property over the last few years. He also alleges that his older brother talked his mother into granting a power of attorney. When the mother "realized her mistake," she asked Plaintiff to assist her in having it revoked. Plaintiff, at this point, finally gets around to an effort to state a claim under the Fair Housing Act. He alleges:

> Even after she had properly revoked it and the revocation was filed at the Bossier Parish Courthouse, all of the defendants in this case chose to ignore that and recognized it as still being legal to enable her abduction/kidnapping and subsequent demise. Thereby violating the Fair Housing Act section 3617. Making it illegal to interfere with somebody trying to legally sell their house (lock, stock & barrel) to somebody trying to legally buy that house (lock, stock & barrel).

Restated and Amended Complaint, pp. 7-8. Plaintiff largely repeats this allegation at page 10. The remainder of his Restated and Amended Complaint describes the relief he seeks and discusses jurisdiction and venue.

**Analysis**

The Fair Housing Act generally makes it unlawful to refuse to sell or rent, or to otherwise discriminate regarding the sale or rental of a dwelling because of race, color, religion, disability, and other unlawful reasons. 42 U.S.C. § 3604. The provisions of that statute do not apply, however, to a single-family house sold or rented by an owner unless that owner owns more than three such houses at one time. Section 3603(b)(1). The Act also makes it unlawful to engage in certain forms of discrimination related to multiple-listing

services and other real estate related transactions. Sections 3605 and 3606. It is unlawful under Section 3617, the statutes cited by Plaintiff, to coerce, intimidate, threaten, or interfere with any person in the exercise of enjoyment of any rights granted or protected by the statutes just discussed.

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir.2002).

Plaintiff has not alleged facts to present a plausible claim under the Fair Housing Act. He alleges what appears to be a family feud between him, his siblings, and perhaps his son regarding his late mother's home and other property. He makes reference to the Fair Housing Act, but he does not articulate any facts that would tend, if fleshed out and proved, to establish an actual violation of the Act by any named defendant.

A plaintiff's obligation to state the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1965. Plaintiff has not even set forth the elements of the

cause of action. He merely uses the label of the Act and concludes that he is entitled to money and other judicial relief. Thus, Plaintiff has not pleaded a claim under the Fair Housing Act upon which relief may be granted. See Malik v. Continental Airlines Inc., 305 Fed. Appx. 165 (5th Cir. 2008) (affirming Rule 12(b)(6) dismissal of claims of racial and religious discrimination that were similarly conclusory).

Many of the defendants named by Plaintiff have no allegations directed against them. For example, the Mayor and Chief of Police of Shreveport, the Veterans Administration, Willis-Knighton Hospital, EMS officials, and many other defendants are never even mentioned in the body of the pleading. There is obviously no plausible claim pleaded against a defendant who is never mentioned outside the caption of the pleading.

No defendant has yet appeared in this case, and the court should spare them the expense and trouble by dismissing the complaint sua sponte. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

**Warning**

The court noted in an earlier order (Doc. 13) that Plaintiff has filed at least three prior cases, all of which were dismissed pursuant to a defense motion to dismiss or for summary judgment. He now has pending this case and Felknor v. Heritage Properties, Inc., 10-cv-0397. The undersigned has recommended that both current cases be dismissed on the pleadings. The court warned before, and repeats now, that a plaintiff who is found to have abused the judicial system may have his pauper status denied or be prohibited from filing future actions. Plaintiff is proceeding in forma pauperis, but that will not prevent the court from considering the imposition on Plaintiff of liability for court costs incurred by defendants or an order that he pay monetary sanctions should his claims or filings be found to deserve such a response.

Plaintiff is placed on notice that if he files even one more meritless case, he will likely be banned from filing further civil actions without prior approval from a district judge and payment in full of the $350 filing fee. Other sanctions may also be imposed. Five, free, frivolous cases is enough. Plaintiff's cases have taken away too much of the court's time that could have been devoted to cases that do have merit.

Accordingly,

**IT IS RECOMMENDED** that the complaint be **dismissed with prejudice** for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of April, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE